UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NICOLE J. GETZ, | Civil Action No.: 18-11625 |
| | Honorable Stephen J. Murphy, III |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

_____/

# REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 20]

Plaintiff Nicole Getz appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Getz's motion [ECF No. 17] be **DENIED**;
- the Commissioner's motion [ECF No. 20] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Background and Disability Applications

Getz was born on January 21, 1981, making her 34 years old on her alleged onset date of March 27, 2015. [ECF No. 13-2, Tr. 12; ECF No. 13-5, Tr. 137]. She has past work as a packer and as a kitchen helper. [ECF No. 13-2, Tr. 19; ECF No. 13-6, Tr. 168]. Getz alleged disability from a back injury, shoulder pain and irritable bowel syndrome. [ECF No. 13-3, Tr. 55].

After the Commissioner denied her disability application initially, Getz requested a hearing,[1] which took place in July 2017, and during which she and a vocational expert (VE) testified. [ECF No. 13-2, Tr. 33-54]. In a November 2017 written decision, the ALJ found Getz not disabled. [*Id.*, Tr. 10-21]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Getz timely filed for judicial review. [*Id.*, Tr. 1-3; ECF No. 1].

---

[1] Getz's request for a hearing was not timely filed, but the ALJ considered her explanation for missing the deadline and accepted it as good cause under 20 C.F.R. § 404.911.

2

**B.    The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age,

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c); § 920(c).

3

education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Getz was not disabled. At the first step, he found that Getz had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 13-2, Tr. 12]. At the second step, the ALJ found that Getz had the severe impairments of degenerative disc disease of the lumbar spine with herniated nucleus pulpous and spondylolisthesis, status post-surgery; palpitations; migraines; tendonitis; degenerative joint disease of the acromioclavicular joint; restless leg syndrome and irritable bowel syndrome. [*Id.*, Tr. 13]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 13-14].

Between the third and fourth steps, the ALJ found that Getz had the RFC to perform light work as defined by 20 C.F.R. § 404.1527(b), except she can

> occasionally lift or carry 20 pounds and frequently lift or carry 10 pounds…stand or walk for 6 hours…sit for 6 hours…never

4

> climb ladders, ropes or scaffolds…occasionally climb stairs and ramps, kneel and crawl. She can frequently balance, stoop and crouch…never reach overhead…never work around hazards such as unprotected heights or unguarded, uncovered moving machinery. She can understand, remember and carry out simple instructions…[and] frequently deal with supervisors, coworkers, and the general public. She will be 10% 'off task' for restroom breaks.

[*Id.*, Tr. 14-15]. At the fourth step, the ALJ concluded that Getz could not perform her past relevant work. [*Id.,* Tr. 19]. At the final step, after considering Getz's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that Getz could perform work in occupations such as sorter, inspector packer and general office clerk, which exist in significant numbers in the national economy. [*Id.*, Tr. 20]. The ALJ thus found Getz not disabled. [*Id.*, Tr. 20-21].

## II.    ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241

5

(6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Getz asserts that the ALJ did not properly assess the medical evidence of her impairments and that his subjective symptom evaluation was not supported by substantial evidence. The Court disagrees and recommends that the ALJ's decision be affirmed.

## B.

The ALJ found that Getz's allegations of pain and limitations were not entirely consistent with the evidence of record or with her daily activities. [ECF No. 13-2, Tr. 18]. Getz asserts that the objective medical evidence supports her statements regarding the severity of her pain, but she cites no evidence from the record to support the argument. [ECF No. 17, PageID. 545-46]. Nor does she cite anything from the record to refute the ALJ's finding that her symptoms and their limiting effects were not entirely consistent with the medical evidence and other evidence in the record. [ECF No. 13-2, Tr. 16-19].

Although her brief contains a recitation of the procedural history, the testimony offered at hearing, the standard of review for disability cases,

6

and the basic legal standards for evaluating pain and subjective symptoms in those cases, there is no meaningful attempt to apply the recited legal standards to the facts of this case.  [ECF No. 17, PageID. 545-46].  Courts in this circuit routinely decline to review issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argument." *McPherson v.* Kelsey, 125 F.3d 989, 995 (6th Cir. 1997).  Getz's arguments are thus waived. *Id.*

The Court warns Getz's counsel that his failure to cite evidence on his client's behalf is sanctionable and could lead to a referral to Michigan Attorney Grievance Commission for investigation.  *See Cason v. Colvin*, No. CV 15-12661, 2016 WL 6653019, at *2-*4 (E.D. Mich. Aug. 9, 2016), *adopted in relevant part*, 2016 WL 4546872 (E.D. Mich. Sept. 1, 2016).  But, when Social Security attorneys fail to develop arguments on their clients' behalf, the Court is "loath to simply reject claims and prejudice claimants with potentially meritorious claims." *Id.*  So the Court has reviewed the record, and finds that the ALJ accurately assessed Getz's objectively measured medical findings.

Following failed conservative management of steroid injections and physical therapy, Getz underwent a successful decompressive lumbar

laminectomy and discectomy at L4-L5, without complication.[3] [ECF No. 13-7, Tr. 261-63, 424-26]. The ALJ noted that Getz's treatment post-surgery was routine and conservative, consisting of pain medication and physical therapy. [ECF No. 13-2, Tr. 16]. At later examinations, Getz reported that her intermittent pain was improving and controlled with medication, from which she had no side effects. [*Id.*; ECF No. 13-7, Tr. 278-79, 343-50]. The ALJ noted that Getz's pain medication dosage was lowered twice. [*Id.*, Tr. 343-52]. He also detailed the normal findings of her post-surgical examinations: She had normal sensation in her upper and lower extremities and normal 5/5 strength in her upper and lower extremities; no atrophy, edema, clubbing or cyanosis; she had a full range of motion in both her cervical and lumbar spine, with no pain upon extension, flexion, right or left lateral rotation; and Romberg, Babinski and straight leg raises were all negative. [*Id.*, Tr. 279, 281, 317, 369].

The ALJ also noted few significant findings related to Getz's left shoulder complaints. An x-ray revealed no fracture, dislocation or other significant findings except mild to moderate degenerative changes with inferior spurring/down sloping acromion process and possible risk of impingement. [ECF No. 13-2, Tr. 17; ECF No. 13-7, Tr. 388]. The ALJ

---

[3] Getz's surgery date was her alleged onset date, March 27, 2015.

found no records of an orthopedic evaluation or physical therapy for the shoulder, but cited records reflecting that no surgery, or other intervention, was suggested. [ECF No. 13-2, Tr. 17; ECF No. 13-7, Tr. 358]. He noted that an electromyogram showed no evidence of carpal tunnel syndrome, and that physical examinations were essentially normal, with normal range of motion and 5/5 strength in her upper extremities, no atrophy, edema, clubbing or cyanosis, capillary refill was normal, her cranial nerves were grossly intact, her reflexes were 2+, and Hawking's and empty can tests were negative. [ECF No. 13-2, Tr. 17; ECF No. 13-7, Tr. 291, 317, 428, 430]. The ALJ cited evidence of conservative treatment of wrist splints, anti-inflammatories and ice. [ECF No. 13-2, Tr. 17; ECF No. 13-7, Tr. 358]. Getz asserts that the ALJ's RFC for light work would require the use of her shoulder on a regular basis. But the RFC completely prohibits reaching overhead and Getz does not demonstrate a need for greater restrictions, which is her burden. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir, 2008); [ECF No. 13-2, Tr. 14].

## C.

The Court also finds no reason to disturb the ALJ's evaluation of Getz's subjective symptoms. The ALJ's decision postdates Social Security Ruling 16-3p, which eliminates use of the term "credibility" from official

policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, at *1. *See also Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), *adopted*, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018) (noting that under SSR 16-3p, "an ALJ must focus on the consistency of an individual's statements about the intensity, persistence and limiting effects of symptoms, rather than credibility.").

Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018). Thus, an ALJ's subjective symptom evaluation should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241.

The ALJ concluded that Getz's subjective complaints were at odds with the medical and other objective evidence. Getz testified at the hearing that she experienced back pain daily and that it had not improved after the surgery. [ECF No. 13-2, Tr. 49]. But the medical records reflect immediate

and continuing improvement in pain after the surgery, and that any residual pain was well-managed with medication. [ECF No. 13-7, Tr. 278, 310, 343-44, 349]

Getz asserted that her back and should pain prevent her from performing household chores, but she testified at hearing that she is able to do the laundry unassisted, sweep the floor, occasionally prepare a meal and accompany her husband shopping. [ECF No. 13-2, Tr. 46-49; ECF No. 13-7, Tr. 179-86]. She walked a half mile twice per week for exercise. [ECF No. 13-7, Tr. 392, 403]. The ALJ concluded these activities were at odds with her alleged physical limitations. [ECF No. 13-2, Tr. 18]. Getz has failed to show an error that would require remand of this matter.

### D.

Getz argues that the ALJ erred in discounting the 2017 residual functional capacity assessment completed by her physical therapist, Mitch McMillon. But physical therapists are "non-acceptable medical sources" whose opinions are not entitled to any particular weight or deference. *Noto v. Comm'r of Soc.Sec.*, 632 F. App'x 243, 248-49 (6th Cir. 2015). ALJs have discretion to assign such opinions any weight he feels appropriate based on the evidence of the record. *Id.* The ALJ justifiably discounted the opinions of PT McMillon because he lacked the longitudinal history of

11

treatment and insight into Getz's condition. He had treated her for less than three months, two years prior to completing the assessment. [ECF No. 13-2, Tr. 19; ECF No. 13-7, Tr. 417-20]. Notably, he provided treatment not even three months after her surgery. [*Id.*]. The ALJ also concluded the PT's assessment was not consistent with the medical evidence, including the diagnostic imaging and physical examinations, as well as Getz's daily activities. [*Id.*]. The ALJ did not err in assigning little weight to PT McMillon's assessment.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Getz's motion for summary judgment be [ECF No. 17] be **DENIED**; that the Commissioner's motion [ECF No. 20] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: June 10, 2019

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2019.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager